**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

COURTNEY WILLIAMS                          CIVIL ACTION

VERSUS                                     NO. 18-9443

DARRYL VANNOY                              SECTION "J"(2)

## FINDINGS AND RECOMMENDATION

Petitioner, Courtney Williams, filed the captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 East Baton Rouge Parish conviction for three counts of first degree murder for which he is serving three, consecutive life sentences in prison. Record Doc. No. 1, Petition, page 1.

By notice dated October 15, 2018, Record Doc. No. 4, the clerk of this court required petitioner to submit either a $5.00 filing fee or completed pauper application within 21 days of the date of the notice. The record indicates that the clerk mailed this notice to petitioner at the address he provided on the petition. This notice has not been returned to the court in the mail, and no response from petitioner has been received.

In addition, Williams has not notified the clerk or the court that his address has changed. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the petitioner to prosecute or

comply with any order of the court. <u>Hulsey v. Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991);
<u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas
County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the
sanction of dismissal, courts have traditionally considered the extent to which the
petitioner, rather than his counsel, is responsible for the delay or failure to comply with
the court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price
v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since petitioner is proceeding in
this case in proper person, it is apparent that this court must weigh his actions alone in
considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt
from compliance with relevant rules of procedural and substantive law. <u>Birl v. Estelle</u>,
660 F.2d 592, 593 (5th Cir. 1981); <u>Edwards v. Harris County Sheriff's Office</u>, 864 F.
Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural
rules has the burden of establishing excusable neglect, which is a strict standard requiring
proof of more than mere ignorance.  <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir.
1988); <u>Birl</u>, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change
may be considered by the district court as an additional cause for dismissal for failure to
prosecute." <u>Lewis v. Hardy</u>, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir.
2007).

The court has attempted through the clerk's notice of deficiency to have petitioner provide the information necessary to prosecute his case. Petitioner's failure to respond to the notice clearly reflects a failure on his own part to prosecute. This record of failure to comply with the clerk of court's request and court rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to petitioner himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6, 8-9 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In a typical case such as this, I would afford the petitioner one final opportunity to respond by issuing these findings and recommendation to the presiding United States District Judge, advising the petitioner that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report, which should include in his objection a short summary of the reasons that he failed to comply with the notice of deficiency and the information requested in the notice of deficiency as detailed above.

However, in this case, Williams has submitted his petition for habeas corpus relief to a court lacking jurisdiction to consider his petition. Williams alleges that he was

convicted in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. Rec. Doc. No. 5-1, Petition at p. 1. East Baton Rouge Parish is located within the Middle District of Louisiana. 28 U.S.C. § 98(b). Petitioner is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana Parish within the Middle District of Louisiana. 28 U.S.C. § 98(b).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, <u>the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him</u> and each of such district courts shall have concurrent <u>jurisdiction</u> to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. <u>Carmona v. Andrews</u>, 357 F.3d 535, 537 (5th Cir. 2004); <u>Webb v. Beto</u>, 362 F.2d 105, 108 (5th Cir. 1966), <u>cert. denied</u>, 385 U.S. 940, <u>reh'g denied</u>, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Williams's petition, since he is not incarcerated in this district, either at the time he filed his complaint or currently, and he was not convicted or sentenced in this district. Williams has no discernable connection with this district.

In addition, however, because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Middle District of Louisiana, where Williams was convicted and is currently incarcerated, which is the district where the petition may properly be filed. Although some courts have held that such transfer orders may be made, United States ex rel. Ayala v. Tubman, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); United States ex rel. Ruffin v. Mancusi, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus petitioner files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel. Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute. 366 F. Supp. at 1270.

5

While there is certainly case law authority to support transfer of this case to the Middle District of Louisiana, a literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in <u>Webb</u> that the statute is jurisdictional, persuades me that because this court lacks subject matter jurisdiction, it should not address the case further.  <u>Accord</u> <u>Lee v. Wetzel</u>, 244 F.3d 370, 373-74 (5th Cir. 2001)  (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction.)  "If the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must dismiss the action</u>."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

## RECOMMENDATION

It is **RECOMMENDED** that petitioner Courtney Williams's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be dismissed with prejudice for failure to prosecute.

In the alternative, **IT IS RECOMMENDED** that petitioner Courtney Williams's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief he must file his petition in the Middle District of Louisiana in Baton Rouge.

New Orleans, Louisiana, this ____30th____ day of November, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE